RECEIVED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ MAY 12 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------x
ROBERT  CARPENTER,              :
                    Plaintiff   :
                                :
V.                              :
                                :
RICHARD  SOKOLOFF,              :
                    Defendant :
-------------------------------------x
```

Complaint

CV-09 2009

Jury Trial Demanded

SEYBERT, J.

BOYLE, M.

Now comes plaintiff, Robert Carpenter, acting pro se, and files this

complaint against defendant Richard Sokoloff. Plaintiff  Robert Carpenter also has <u>in</u>

<u>forma pauperis</u> status granted to him by the Honorable Judge Joanna Seybert on April 21,

2009.

### Name and addresses of  Parties

The name and address of defendant is: Richard Sokoloff, 3245 Route 112 –

Suite 1, Medford, New York, 11763. The name and address of plaintiff is: Robert

Carpenter, 50 Hill Street # 191, Southampton, New York, 11968

### Jurisdiction and Venue

Plaintiff has jurisdiction to bring this action under 15 USC 1692, et al., the

Fair Debt Collections Act as well as 15 USC 1681, et al., the Fair Credit Reporting Act.

Venue is vested since both plaintiff and defendant does business in the Eastern District of

New York.

### As to the First Cause of Action

On or about July 8, 2008 plaintiff received three notices from defendant

Richard Sokoloff attempting to obtain payment of three separate debts in the amounts of

-1-

$751.70; $322.71; and $111.40 respectfully, totaling $1185.81. On or about July 22, 2008, plaintiff sent a registered, sign receipt requested letter to defendant vehemently disputing the three debts. The United States Postal Service has confirmed delivery of this letter on July 22, 2008 at 11:35 AM. As to the first cause of action, defendant has violated 15 USC 1692e(2)(A) by using false, deceptive, or misleading means in collection of a debt by giving false representation of the character, amount, or legal status of a debt.

### As for the Second Cause of Action

Plaintiff repeats and reiterates the prior allegations as if alleged more fully below. In his letter of July 22, 2008 to defendant, plaintiff Robert Carpenter requested of defendant Richard Sokoloff that he submit and send to plaintiff verification of these debts with appropriate dates and all persons authorizing such debts. Nothing was received back from defendant. As to the second cause of action, defendant willfully and negligently refused to send to plaintiff verification of these debts in violation of 15 USC 1692g(a)(4).

### As to the Third Cause of Action

Plaintiff repeats and reiterates the prior allegations as if alleged more fully below. In his letter of July 22, 2008 to defendant Richard Sokoloff, plaintiff did submit a copy of a statement received directly from the original creditor 24/7 Emergency Care dated May 10, 2008 only showing a possible obligation due of $891.59 and not $1185.81 as attempted to be collected from defendant Sokoloff. In addition, plaintiff also included a provider/recipient letter from Medicaid dated May 21, 2008 showing and authorizing the amount of $891.59, the amount due the original creditor 24/7 Emergency

-2-

Care. In his letter of July 22, 2008 plaintiff did advise Sokoloff that he was attempting to collect more money than what was actually owed or billed and that he was attempting to double collect from plaintiff these obligations. As to the third cause of action, defendant has violated 15 U.S.C. 1692e(10) by using false and deceptive means to collect or attempt to collect a debt.

### As to the Fourth Cause of Action

Plaintiff repeats and reiterates the prior allegations as if alleged more fully below. From July 2008 to May 2009, plaintiff attempted to secure several credit cards and/or attempted to increase his existing credit lines but in every instance was denied this credit. He also attempted to obtain car refinancing but was denied this credit transaction. He also attempted to obtain several small private education loans to help him continue with his educational goals but in all instances was denied this financing. When inquiring about these denials, he was informed that there were adverse actions reported on his credit report or derogatory collections filed. Upon obtaining a copy of his credit report, it showed three adverse accounts, all filed by Richard Sokoloff in July 2008 placing the three accounts of 24/7 Emergency Care for collection. These adverse accounts on the credit report of plaintiff has gravely harmed the credit status of plaintiff. There can be no doubt that given the registered letter sent to defendant on July 22, 2008 by plaintiff raising serious doubt about these debts, that defendant with willful negligence and malice refused to communicate this credit information to the credit bureaus and did in fact communicate false information to the credit bureaus, including the failure to communicate that a disputed debt is disputed, all in violation of 15 U.S.C. 1692e(8).

### As to the Fifth Cause of Action

Plaintiff repeats and reiterates the prior allegations as if alleged more fully below. On or about April 9, 2009, after being denied credit several times over, plaintiff did request a copy of his credit report and discovered that the three alleged debts claimed by Richard Sokoloff were reported on his credit report in July 2008 under adverse accounts. Plaintiff immediately contacted the original creditor 24/7 Emergency Care and advised them that Robert Carpenter was not responsible for these debts, that Medicaid paid them for these debts, and insisted that these adverse actions be immediately erased from his credit report. On April 9, 2009 the original creditor 24/7 Emergency care did advise Richard Sokoloff to close this account and that Robert Carpenter should not be held responsible for these debts. In addition, plaintiff did notify the credit bureau Trans Union that all three of these accounts were closed and that an investigation should be carried out on these reported collection accounts submitted by Richard Sokoloff. Trans Union advised that they would contact the company that provided the information with a request to verify the accuracy of the information and the company will then advise Trans Union wheather any changes should be made to the information. On or about April 30, 2009, Trans Union reported back on the results of their investigation and after contacting Sokoloff, Trans Union claimed that only one of these debts would be erased and the other two would remain. There can be no doubt that Richard Sokoloff supplied information to Trans Union that he knew or had reasonable cause to believe that the information was inaccurate all in violation of 15 U.S.C. 1681s(2)(1)(A) and in clear violation of 15 U.S.C. 1681s(2)(1)(B)(i) whereby plaintiff

-4-

did notify Sokoloff that specific information was inaccurate. This reasonable cause to believe that the information was inaccurate were not mere allegations by plaintiff but was relayed to Sokoloff directly by the original creditor.

As to the Sixth Cause of Action

Plaintiff repeats and reiterates the prior allegations as if alleged more fully below. It is the duty of a person who regularly and in the course of their business furnishes information to consumer reporting agencies, as in the case of Richard Sokoloff, to promptly notify the consumer reporting agency that the information is not complete or accurate and that the information is in dispute as mandated by 15 U.S.C. 1681s(2)(2)(3)(4). This defendant failed to do even after being directly notified by plaintiff as well as being directly notified by the original creditor and constitutes a pattern or practice of violations as mandated by 15 U.S.C. 1681n and 15 U.S.C. 1681o.

Remedy Sought

On account of the willful noncompliance and negligent noncompliance by defendant Richard Sokoloff, plaintiff is now demanding that defendant pay to plaintiff actual damages of $1000 dollars as mandated by 15 U.S.C. 1681n; actual damages sustained by plaintiff as a result of the failure of defendant to promptly and properly to act; punitive damages in the amount of $250,000 dollars; the cost of this action along with reasonable attorney's fees, if any; any other relief that this court sees fit and reasonable.

-5-

Dated this 12th of May, 2009

Robert Carpenter
50 Hill Street #191
Southampton, N.Y. 11968
Tel 631-287-2399